Day, Chief Judge.
It is claimed by the plaintiff in error that the agreement of indemnity on which the action was founded, not being in writing, is void under the statute of frauds. The question, then, is, whether the agreement is a “ special promise to answer for the debt, default, or miscarriage of another person,” within the meaning of the fifth .section of that act ?
It is undoubtedly settled law that if a person signs an obligation as surety, upon a promise of indemnity by one not bound by the same instrument, the promise is within the statute, as being a promise to answer for the default of the principal upon his implied liability to his surety. Easter v. White, 12 Ohio St. 219; Kelsey v. Hibbs, 13 Ohio St. 340.
But it is equally well settled that if a surety on an obli *387 gation, upon his promisé of indemnity, procures another to go surety with him on the same instrument, the promise is not within the statute, for the indemnity promised is to .secure his own default. Oldham v. Broome, ante, 41.
Recognizing this distinction, upon a review of the cases, the result of the authorities on the question is stated in 1 .Smith’s Leading Cases (7 Am. ed.), 511, as follows: “A promise by a stranger to the debt, to indemnify a surety, is prima facie within the statute, because the principal is hound by an implied obligation to do that which the promisor agrees to do expressly, and the promise is, therefore, really to answer for the default of the principal. When, however, the promisor is directly or indirectly .answerable for the debt independently of the promise, any •engagement which he may make, that it shall be paid, or that the surety shall not be compelled to pay it, will he regarded as contracted on his own behalf, and not for the ■debt or default of another, in the sense in which the term is used in the statute.”
In the case before us, Maxwell became surety on the "bond, relying on the promised indemnity of the plaintiff in error, who, as he agreed to do, also signed the bond as .surety. The case, then, falls into the class where the promisor is liable for the debt independently of the promise in question; his engagement to indemnify Maxwell must, therefore, be regarded as having been entered into on his own behalf, and not for the debt or default of another, within the meaning of the statute.
It results, from this view of the case, that the judgment of the court below must be affirmed.